# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE ROBERT BLAINE KEMENDO, | § | |
| | § | |
| *Debtor*, | § | |
| ———————————————— | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | CIVIL ACTION H-15-573 |
| | § | |
| *Appellant*, | § | |
| | § | |
| v. | § | |
| | § | BANKRUPTCY CASE NO. 07-36408-H5 |
| | § | |
| ROBERT BLAINE KEMENDO, | § | |
| | § | |
| *Appellee.* | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is an appeal by Creditor United States of America on behalf of the Internal Revenue Service ("IRS") from the Bankruptcy Court's memorandum opinion granting Debtor's (Kemendo's) motion for summary judgment and denying the United States of America's motion for summary judgment regarding a discharge of debts under 11 U.S.C. §§ 1328(a) and 523(a)(1)(B). Dkt. 5. After considering the arguments, the evidence of record, and the applicable law, the Bankruptcy Court's Order is **VACATED** and the case is **REMANDED** for further proceedings consistent with this Memorandum Opinion and Order.

This case arises out of a Chapter 13 bankruptcy proceeding initiated by Kemendo involving whether his past tax debts that the IRS is now attempting to collect had been discharged in bankruptcy.

# I. LEGAL STANDARDS

Due to the technical nature of the issues in this appeal, including both the Tax Code and the Bankruptcy Code, the Court will lay out the applicable legal standards at the outset.

## A.     *Standard of Review*

In reviewing a decision of the Bankruptcy Court, this Court functions as an appellate court, applying the standards of review generally applied in federal appeal courts. *Webb v. Reserve Life Ins. Co.* (*In re Webb*), 954 F.2d 1102, 1103–04 (5th Cir. 1992); *see also Coston v. Bank of Mavren* (*In re Coston*), 991 F.2d 257, 261 n.3 (5th Cir. 1993) (en banc) (citing *Griffith v. Oles* (*In re Hipp, Inc.*), 895 F.2d 1503, 1517 (5th Cir. 1990)).  This Court reviews orders granting summary judgment de novo, guided by the same standard as the Bankruptcy Court: Federal Rule of Civil Procedure 56. *In re Camey*, 258 F. 3d 415, 418 (5th Cir. 2001) (citing *Stults v. Conoco. Inc.* 76 F.32 651, 654 (5th Cir. 1996)); *In re Oparaji*, 698 F. 3d 231, 235 (5th Cir. 2012).

According to Rule 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©; *see also Carrizales v. State Farm Lloyds*, 518 F. 32 343, 345 (5th Cir. 2008).  An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007).  "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*  "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc., v. Texaco, Inc.*,

463 F.3d 388, 392 (5th Cir. 2006).  When considering a motion for summary judgment, this Court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant.  *Envtl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008).

The moving party bears the initial burden of informing the Court of all evidence demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party fails to meet this burden, then it is not entitled to summary judgment, and no defense to the motion is required.  *Id*. at 322. Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact.  *Id.*  "For any matter on which the non-movant would bear the burden of proof at trial . . . the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial."  *Transamerica Ins. Co., v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*,  477 U.S. at 323–25.

**B.    *Substantive Law***

This section will first review the law authorizing Chapter 13 bankruptcy discharges, the broad question of the underlying bankruptcy proceeding.  Then, the court will discuss the Tax Code provisions specific to this case, which involves substitute tax returns prepared by the IRS under one of two specific provisions: I.R.C. § 6020(a) and I.R.C. § 6020(b).  Next, the court will consider whether taxes due based on the substitute tax returns can be discharged in a Chapter 13 bankruptcy proceeding.  Finally, this section will review the burden of proof when assessing the dischargeability of a debt in a bankruptcy proceeding.

    1.    *Discharge of Debt: 11 U.S.C. § 1328(a)*

Bankruptcy Code § 1328(a) instructs the court to "as soon as practicable after completion of all payments under [a bankruptcy] plan . . . grant the debtor a discharge of all debts provided for by the plan," with some specific exceptions outlined in 11 U.S.C. 523(a).  11 U.S.C. § 1328(a).  The pertinent exception raised on this appeal is the exception to discharge provided by 523(a)(1)(B), which is discussed below.

    2.    *26 U.S.C. § 6020: Substitute for Returns*

In limited circumstances, the Secretary of Treasury has the power to prepare or execute tax returns for individual taxpayers.  I.R.C. § 6020.  The first way the Secretary has the authority to prepare a return is under § 6020(a), which requires:

> [i]f any person shall fail to make a return required by this title or by regulations prescribed thereunder, but shall consent to disclose all information necessary for the preparation thereof, then, and in that case, the Secretary may prepare such return, which, being signed by such person, may be received by the Secretary as the return of such person.

I.R.C. § 6020(a).  The second way the Secretary has authority to prepare a return is under § 6020(b), which requires:

> [i]f any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his or her own knowledge and from such information as he can obtain through testimony or otherwise.

I.R.C. § 6020(b).  The Fifth Circuit explained the difference between a return filed under § 6020(a) and one under § 6020(b):

> Section 6020(a) returns are those in which a taxpayer who has failed to file his or her returns on time nonetheless discloses all information necessary for the I.R.S. to prepare a substitute return that the taxpayer can then sign and submit. . . . In contrast, a § 6020(b) return is one in which the taxpayer submits either no information or

fraudulent information, and the I.R.S. prepares a substitute return based on the best
information it can collect independently.

*McCoy v. Mississippi State Tax Comm. (In re McCoy)*, 666 F.3d 924, 928 (5th Cir. 2012).

   3.    *Exceptions to Discharge: 11 U.S.C. § 523(a)(1)(B)*

   Bankruptcy Code § 523(a)(1)(B)(I) does not allow discharge of taxes for which no return was

filed.  11 U.S.C. § 523(a)(1)(B)(I).  For purposes of Bankruptcy Code § 523(a), the term "return" is

defined in an unnumbered hanging paragraph following § 523(a)(19) as:

> [A] return that satisfies the requirements of applicable nonbankruptcy law (including
> applicable filing requirements).  Such term includes a return prepared pursuant to
> section 6020(a) of the Internal Revenue Code of 1986, or similar State or local law,
> or a written stipulation to a judgment or a final order entered by a nonbankruptcy
> tribunal, but does not include a return made pursuant to section 6020(b) of the
> Internal Revenue Code of 1986.

11 U.S.C. § 523(a)(*).  The Fifth Circuit interprets this definition to mean returns that do not meet

filing requirements cannot be discharged, unless they fit within the narrow exception of § 6020(a).

*In re McCoy* at 931.  Essentially, "returns filed pursuant to § 6020(a) do qualify as returns for

discharge purposes, while those filed pursuant to § 6020(b) do not."[1]  *Id*.

   4.    Burden of Proof:

   As the party seeking an exception to discharge in this case, the IRS bears the burden of proof

as to non-dischargeability of the tax debts for 1995 and 1996.  *See In re Fields*, 926 F.2d 501, 503

(5th Cir. 1991); *In re McDaniel*, 368 B.R. 515, 518 (Bankr. M.D. La. 2007) (holding that party

objecting to the dischargeability of debt bears the burden of proving by a preponderance of the

---

[1] Though Kemendo's briefing to the bankruptcy court claimed that *McCoy* was distinguishable from his case and
should not apply, in part because *McCoy* involved a Chapter 7 proceeding as opposed to the Chapter 13 proceeding
in this case, he does not raise these arguments on appeal nor contest the applicability of *McCoy*.  *See* Dkt. 2-6 at 6;
Dkt. 6.  Because neither party contests the applicability of *McCoy* in this case, the court will assume without
deciding that it applies to this Chapter 13 proceeding.

evidence the necessary elements); *Huntsville Wholesale Grocers, Inc. (In re Talbert)*, 2007 WL 1830731, \*3 (Bankr. W.D. Tex. 2007) (finding that plaintiff failed to satisfy its burden that the debt allegedly owed by debtor was not dischargeable).  The burden of proof does not shift to the debtor, even if it is the debtor who initiates the action.  *Imel v. United States, Internal Revenue Service (In re Imel)*, 169 B.R. 37, 38 (Bankr. W.D. Tex. 1994).

Because the IRS would bear the burden to prove that the tax debt is not dischargeable at trial, Kemendo's motion for summary judgment may simply point to the absence of evidence that the debt is dischargeable.  *See Avenell,* 66 F.3d  at 718–19.  At that point, the burden would shift to the IRS to demonstrate by evidence in the record that there is an issue of material fact warranting trial.  *Id*.  On appeal, to be entitled to summary judgment, the IRS must show that there is no genuine issue of material fact and that the debts are non-dischargeable as a matter of law.

## II. BACKGROUND

This case arises out of a Chapter 13 bankruptcy proceeding initiated by Kemendo, wherein the dischargeability of some of his past tax debts is at issue.  Kemendo did not file his 1995 and 1996 federal income tax returns by their due dates, April 15, 1996 and October 15, 1997, respectively.  Dkt. 2-5 at ¶ 8–9.  In response, the IRS prepared a substitute tax return for year 1995 on August 24, 1998 and for year 1996 on August 31, 1998.  Dkt. 2-6 at 13, 17.  It is disputed whether the substitute tax return was prepared under I.R.C. § 6020(a) or § 6020(b), which under *McCoy*, determines whether it can be discharged.  *In re McCoy* at 931.  Based on calculations from these substitute tax returns, on November 1, 1999 the IRS assessed $4,786 in taxes, $596 in penalties, and $ 2,082.30 in interest for tax year 1995; and $22,188 in taxes, $4,397.35 in penalties and $6,055.26 in interest for tax year 1996.  Dkt. 2-5 at ¶ 10–11.  On September 19, 2005 and again on March 22, 2006, the

IRS filed a notice of tax lien for uncollected debts arising in part from these assessments.  Dkt. 1-2 at 4.

Kemendo filed for Chapter 13 bankruptcy protection on September 19, 2007.  Dkt. 2-5 at ¶1.  The IRS timely filed a $117,349.37 Proof of Claim that listed an unsecured general claim for tax years 1993–1996, 2000 and 2004.  Dkt. 2-6 at 47.  The IRS amended its claim after the Chapter 13 bankruptcy plan was confirmed to a $114,340.23 (including tax, penalties and interest for each year) secured claim.  Dkt. 2-6 at 49.  The bankruptcy repayment plan was confirmed on February 8, 2008 and Kemendo made all plan payments totaling $45,491.13.  Dkt. 2-6 at 59–62.  As a result, Kemendo earned a discharge under 11 U.S.C. § 1328(a) on December 17, 2012.  Dkt. 2-6 at 63.

On January 2, 2013 the IRS issued certificates of release of federal tax liens for all the tax years listed on its claim, including 1995 and 1996.  Dkt. 2-5 at ¶ 16; Dkt. 2-6 at 65–66.  The release of federal tax lien states "the following-named taxpayer, under the requirements of section 6325(a) of the Internal Revenue Code has satisfied the taxes listed below and all statutory additions."  Dkt. 2-6 at 65.  At that time, the IRS reduced or abated some, but not all, penalties for tax years 1995 and 1996. Dkt. 2-5 at ¶ 17.

As of April 15, 2013, the tax account transcript for 1995 showed a balance due of $452.72, and the tax account transcript for 1996 showed a balance due of $21,409.98.  Dkt. 2-6 at 13, 16.  On July 8, 2013 the IRS issued Notices of Intent to Levy to Kemendo for unpaid federal income tax liabilities for tax year 1995 in the amount of $455.86 and for tax year 1996 in the amount of $21,558.32.[2]  Dkt. 2-5 at ¶ 18.  In response, Kemendo filed a motion to reopen the bankruptcy case for a determination of whether his 1995 and 1996 tax liabilities, including the penalties and interest

[2] The record does not make clear why the dollar amounts on the tax transcripts differ from the amounts on the Notices of Intent to Levy, but this difference is not material to the issues before the Court.

remaining on the transcript, were included in his general Chapter 13 discharge of December 17, 2012.  Dkt. 2-4.

Kemendo and the IRS submitted a stipulation of facts and cross-motions for summary judgment to the Bankruptcy Court for the Southern District of Texas in the summer of 2014.  The Bankruptcy Court granted Kemendo's motion for summary judgment and denied the IRS's motion for summary judgment, after determining that no genuine issues of material fact existed.  Dkt. 1-2 at 9.  The parties stipulated that Kemendo filed late tax returns for 1995 and 1996 in August 2003, a fact that was acknowledged by the Bankruptcy Court.  Dkt. 1-2 at 3.  In addition, Kemendo submitted a sworn affidavit that he could not assemble tax returns for 1995 and 1996 until August 2003.  Dkt. 2-6 at 81.  Despite this stipulation and supporting evidence, the Bankruptcy Court determined that it was *undisputed* that Kemendo himself had filed tax returns for 1995 and 1996 on June 19, 1998.  Dkt. 1-2 at 9.  In making this determination, the Bankruptcy Court relied exclusively on the language of the IRS tax transcripts submitted by both parties which simply stated "return due date or return received date (whichever is later)" of June 19, 1998, but did not list who had taken this action or exactly what was done.  Dkt. 1-2 at 3.  The Bankruptcy Court then determined that Kemendo's filing of tax returns in June 1998 was evidence of cooperation by Kemendo in preparation of a substitute for return under 26 U.S.C. § 6020(a).  Dkt. 1-2 at 9.  The Bankruptcy Court made these determinations despite the fact that Kemendo never asserted that he filed returns in 1998 or cooperated in the preparation of substitute returns under § 6020(a) in his motion for summary judgment.

The Bankruptcy Court then found that the IRS failed to submit any evidence that (1) Kemendo failed to cooperate in preparation of the substitutes for returns under § 6020(a); and

(2) the substitutes for return it prepared in 1998 for Kemendo's tax years 1995 and 1996 failed to meet the statutory requirements of § 6020(a).  Dkt. 1-2 at 9.  Based on these findings, the Bankruptcy Court concluded that Kemendo's motion for summary judgment should be granted and the IRS's motion denied, and further ordered that Kemendo's tax liabilities for the years 1995 and 1996 were discharged under 11 U.S.C. § 1328(a).  Dkt. 1-2 at 10–11.

Following this unfavorable determination, the IRS filed a Motion to Alter or Amend, which was denied after a hearing.  Dkt. 2-16.  The IRS now appeals the Order of the Bankruptcy Court to the District Court.

### III. ISSUES RAISED

On appeal, the IRS contends the Bankruptcy Court erred in granting Kemendo's motion for summary judgment and in determining that Kemendo's 1995 and 1996 federal income tax liabilities were discharged under 11 U.S.C. § 1328(a) in December 2012.  Specifically, the IRS raises four points of error in this appeal: (1) the Bankruptcy Court's determination that Kemendo filed his income tax returns for 1995 and 1996 on June 19, 1998; (2) the Bankruptcy Court's conclusion that the August 1998 IRS-prepared substitute tax returns for Kemendo for tax years 1995 and 1996 satisfied all the requirements of 26 U.S.C. § 6020(a) and were § 6020(a) returns, not § 6020(b) returns; (3) the determination that the August 1998 IRS-prepared substitute tax returns met the definition of "return" in 11 U.S.C. § 523(a)(*); and (4) the determination that Kemendo's tax debts for 1995 and 1996 were discharged under 11 U.S.C. § 1328(a).  The IRS asks this Court to (1) reverse the Bankruptcy Court's Order granting summary judgment for Kemendo; (2) render summary judgment for the United States and (3) determine that  Kemendo's income tax liabilities for tax years 1995 and 1996 were not discharged in his Chapter 13 case.

The core question here is whether the substitute tax returns prepared by the IRS in 1998 were done so pursuant to I.R.C. § 6020(a), making the tax debts dischargeable, or done so under § 6020(b), making the debts non-dischargeable. All the points of error relate back to this issue.

## IV. ANALYSIS

### A.   *Whether Kemendo is entitled to summary judgment as a matter of law*

On appeal, Kemendo contends that the Bankruptcy Court correctly determined that his 1995 and 1996 federal income tax liabilities were discharged under 11 U.S.C. § 1328(a) in December 2012. Dkt. 6 at 2. Kemendo agrees with the Bankruptcy Court's determination that (1) he filed tax returns for 1995 and 1996 in June 1998; (2) that the August 1998 IRS-prepared substitute tax returns for 1995 and 1996 were § 6020(a) returns; and (3) as such, the substitute tax returns met the definition of 'return' in 11 U.S.C. § 523(a)(*). Dkt 6 at 6.

However, Kemendo never actually asserted that the substitute tax returns used by the IRS were prepared under I.R.C. § 6020(a) or that he filed income tax returns for 1995 and 1996 each year on June 19, 1998. *See* Dkt. 2-6 at 6–7. Instead, he asserted that the IRS had not proven that the returns were § 6020(b) returns, and admitted that he did not file his returns for 1995 and 1996 until 2003. *Id.*; Dkt. 2-5. In his motion for summary judgment, Kemendo argued that *McCoy* was distinguishable and should not apply to this case for several reasons, though he does not raise these arguments on appeal. Dkt. 2-6 at 6–7.

Although the IRS has the ultimate burden of proof regarding non-dischargeability at trial, Kemendo still has the initial burden of informing the Court of the basis for summary judgment. *See Celotex*, 477 U.S. at 323; *Avenell*, 66 F.3d at 718–19. In other words, Kemendo must inform the court that there is no evidence on an issue upon which the IRS bears the burden of proof at trial

before the burden shifts to the IRS.  If Kemendo fails to meet this burden, then he is not entitled to summary judgment.  *Celotex*, 477 U.S. at 322.  Kemendo's motion for summary judgment never asserts that the substitute tax returns were prepared under I.R.C. § 6020(a), nor claims that he filed income tax returns for 1995 and 1996 on June 19, 1998.  Dkt. 2-6.  Therefore it is not clear that the IRS had any burden to present evidence on these issues.

However, even if the court construes Kemendo's motion for summary judgement as arguing that the substitute tax returns prepared by the IRS were completed pursuant to I.R.C. § 6020(a) and were based on information in returns Kemendo filed on June 19, 1998, there is sufficient evidence in the record to create a genuine issue of material fact precluding summary judgment on that basis.  For starters, the parties' stipulation of facts states "[t]he Debtor's 1995 and 1996 federal income tax returns were filed late on August 11, 2003."[3]  Dkt. 2-5 at ¶ 7.  The record also includes an affidavit from Kemendo that states "it took fully until 2003 before a complete set of proper returns covering all of the years in question could be assembled."  Dkt. 2-6 at 81.  In addition, the record includes Kemendo's tax returns for 1995 and 1996 which were prepared by a professional accounting firm, and are signed by Kemendo and dated August 11, 2003, not 1998.  Dkt. 2-6 at 22–43.  This evidence conflicts with the bankruptcy court's conclusion that Kemendo filed his tax returns for 1995 and 1996 in 1998.  Dkt. 1-2 at 9.

Viewing all of this evidence in the light most favorable to the non-moving party and drawing all justifiable inferences in favor of the non-movant, as this Court is required to do, there is a genuine issue of material fact concerning whether Kemendo filed his 1995 and 1996 tax returns in June 1998.

---

[3] *"Under federal law, stipulations of fact fairly entered into are controlling and conclusive and courts are bound to enforce them, unless manifest injustice would result therefrom or the evidence contrary to the stipulation was substantial." *Quest Medical Inc. v. Apprill*, 90 F.3d 1080, 1087 (5th Cir. 1996).  The Bankruptcy Court nor the parties have articulated any reason not to follow the stipulated facts in this case.

This determination also addresses the IRS's remaining objections.  For example, the Bankruptcy Court's conclusion that the IRS prepared substitute tax returns in August 1998 pursuant to I.R.C. § 6020(a) depends heavily on the disputed fact that Kemendo cooperated with the IRS by filing his taxes on June 19, 1998.  In turn, the Bankruptcy Court's conclusion that Kemendo's tax liabilities for 1995 and 1996 were discharged in his December 2012 Chapter 13 discharge depends heavily on a finding that the substitute tax returns were prepared pursuant to I.R.C. § 6020(a).  Because the Bankruptcy Court's Order rested on a fact that is genuinely in dispute, summary judgment in favor of Kemendo was not proper based on the evidence in the record.

**B.**     *Whether the IRS is entitled to summary judgment as a matter of law.*

The IRS contends that Kemendo's unpaid federal income taxes for tax years 1995 and 1996 were excepted from discharge under 11 U.S.C. § 1328(a)(2) because he never filed a 'return' meeting the statutory requirements of § 523(a).  However, because there are unresolved issues of material fact, summary judgment for the IRS is also precluded at this time.

### IV.  Conclusion

The Court finds that genuine issues of material fact exist, and preclude summary judgment in Kemendo's or the IRS's favor.  For the foregoing reasons, the Court VACATES the order of the bankruptcy court granting summary judgment to Kemendo.  This Court REMANDS the case back to the Bankruptcy Court for further proceedings consistent with this opinion.

It is so ORDERED.

Signed at Houston, Texas on August 21, 2015.

Gray H. Miller
United States District Judge

12